IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DANIEL HERNANDEZ,

Defendant.                                          No. 13-CR-30201-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On January 23, 2015, the Court sentenced Hernandez to 360 months imprisonment (Doc. 188) and the Clerk of the Court entered Judgment reflecting the same on January 28, 2015 (Doc. 191). On August 10, 2015, Hernandez filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 241). On September 28, 2015, the Federal Public Defender's office entered an appearance (Doc. 243). That same day, Assistant Federal Public Defender G. David L. Brengle moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 244). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Hernandez an opportunity to respond to the motion to withdraw (Docs. 246); which he did so on October 27, 2015 (Doc. 249).

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Here, Hernandez *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Here, Hernandez was sentenced under the 2014 Guidelines and he was sentenced under the new drugs -2 guidelines. Further, the Court sentenced him below the advisory guidelines. As Hernandez's guideline range has not been lowered (because he received the benefit of the 782 Amendment), he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 244) and **DISMISSES for lack of jurisdiction** Hernandez's motions for a sentence reduction (Docs. 241 & 249).

**IT IS SO ORDERED.**

Signed this 27th day of October, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.10.27 15:38:31 -05'00'

**United States District Judge**